IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT A. TAYLOR,

        Plaintiff,                   No. CIV S-11-0502 EFB P

    vs.

WEST SACRAMENTO POLICE DEPT, et al.,

        Defendants.           ORDER

                                  /

Robert A. Taylor, a prisoner confined at Monroe Detention Center, filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint concerns events alleged to have occurred while he was living at his home. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 5. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

**II.     Screening Order**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

2

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim. Plaintiff claims that his home was burglarized, and that when he confronted the burglar, Danielle Foster, the West Sacramento Police Department arrested him for assault. The police department did not arrest Foster for breaking into his home. Plaintiff seeks to sue the Foster and the police department for racial discrimination, harassment, unlawful search, and defamation. Dckt. No. 1.

Plaintiff names the West Sacramento Police Department as a defendant. Municipalities and their departments may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort. *See Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Haugen v. Brosseau*, 351 F.3d 372, 393 (9th Cir. 2003) (granting summary judgment to city and city police department under *Monell*). "A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." *Ortez v. Wash. County*, 88 F.3d 804, 811 (9th Cir. 1996) (citation and quotations omitted) (alteration in original). "[L]ocal governments, like any other § 1983 'person,' . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690-91. Plaintiff has not alleged that he was unconstitutionally arrested pursuant to an official policy or custom. Nor has plaintiff attempted to sue the individual officers that unconstitutionally arrested him.

////

Plaintiff has also attempted to sue Danielle Foster, who he claims broke into his home. But plaintiff has not alleged that Foster was acting under color of state law at the time of the incident.

Thus, to proceed plaintiff must file an amended complaint. Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits

4

or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the agency having custody of plaintiff filed concurrently herewith.

1      3. The complaint is dismissed with leave to amend within 30 days. The amended
2 complaint must bear the docket number assigned to this case and be titled "First Amended
3 Complaint." Failure to comply with this order will result in a recommendation that this action be
4 dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will
5 proceed with service of process by the United States Marshal.
6 Dated: May 31, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE